UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VIOLET KLETT, Individually and as the Administratrix of the Estate of Crystal Rose Klett,**<br><br>Plaintiff,<br><br>v.<br><br>**STEVEN N. GREEN, et al.,**<br><br>Defendants. | Civil Action No. 10-2091 (FLW)<br><br><br>ORDER |

    This matter having been opened to the Court upon Defendants Bryan Wendelken and United Parcel Service, Inc.'s (collectively, "UPS") Motion to Amend its Answer in order to assert Crossclaims against Co-Defendants New England Motor Freight, Jans Leasing Corporation and Steven N. Green (collectively, "Co-Defendants") for contribution pursuant to the Joint Tortfeasors Contribution Act and for indemnification pursuant to common law [Docket Entry No. 19]; and Co-Defendants having filed an opposition to UPS's Motion [Docket Entry No. 24]; and UPS arguing that it should be allowed leave to file Crossclaims because the instant motion was filed before August 27, 2010, the Court's deadline for the parties to seek to amend their pleadings pursuant to the June 9, 2010 Scheduling Order [Docket Entry No. 9]; and UPS further arguing that granting the instant motion will not delay the completion of discovery in this suit; and UPS further arguing that there will be no prejudice to any party should the relief sought be granted; and in the alternative Co-Defendants arguing that there is no reason or need for UPS to amend their pleading at this time because UPS has a currently pending Motion for Summary Judgment which contends that UPS had no involvement in the subject matter of this case [Docket Entry No. 20]; and Co-Defendants further arguing that the instant motion should be denied

because it is being filed in bad faith and with dilatory motive; and the Court having fully considered the parties' submissions; and the Court finding that under FED.R.CIV.P.15(a), leave to amend the pleadings is generally freely given (*Foman v. Davis*, 371 U.S. 178, 182 (1962)); and the Court further finding that It may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment" (*Id.*); and the Court further finding that a proposed amendment is considered futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim pursuant to FED.R.CIV.P.12(b)(6) (*Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)); and the Court further finding that on a motion to amend a complaint, the Court looks only at the pleadings (*Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 765 (D.N.J. 2000)); and the Court further finding that there has been no undue delay, bad faith, or dilatory motive on the part of UPS; and the Court further finding that no prejudice to Co-Defendants would result by allowing the proposed amendments; and the Court further finding that there have been no repeated failures to cure deficiencies by amendments previously allowed; and the Court further finding that the proposed amendments are not clearly futile; and the Court further finding that UPS's currently pending Motion for Summary Judgment, which contends that UPS had no involvement in the subject matter of this case, should not preclude them from amending their answer in order to seek contribution and indemnification in the event that the Motion for Summary Judgment is denied; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

    IT IS on this 7th day of September, 2010,

ORDERED that UPS's Motion to Amend is GRANTED; and it is further

ORDERED that UPS shall file its Amended Answer no later than **September 21, 2010**; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 19] accordingly.

    s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**