**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER COURTHOUSE
402 EAST STATE ST., ROOM 7000
TRENTON, NJ 08608
609-989-2009

<u>**Not for Publication**</u>

## LETTER OPINION AND ORDER

November 20, 2013

<u>**VIA CM/ECF**</u>
All counsel of record

> **Re:** *Klett v. Green, et al.*
> <u>Civil Action No. 10-2091 (MAS) (TJB)</u>

Dear Counsel:

This matter came before the Court for a Motion Hearing on November 14, 2013. At that time, the Court reserved its decision on three *in limine* Motions pending submission of photographs and further consideration. Plaintiff submitted the photographs on November 15, 2013. (ECF No. 141.) On November 15, 2013, Defendants submitted correspondence, which provided that they: (1) do not object to truck/tire photographs 1, 2 and 4; (2) object to tire photographs 3 and 5; (3) do not object to liability photographs 1-13 on the basis set forth in their *in limine* motion number 4 but reserve their right to object to certain photographs at the time of trial; and (4) do not object to damages photograph 1; and (5) object to damages photographs 2-5. The Court reserves decision regarding the damages-related photographs. The Court's decision regarding the remaining *in limine* motions is set forth below.

### 1. Defendants' Motion to preclude evidence and/or testimony regarding the origin of tire debris and transfer – ECF No. 107

The Court GRANTS Defendants' motion in part and DENIES Defendants' motion in part. The Court GRANTS Defendants' motion to the extent that Plaintiff may not ask Sergeant Slimowicz ("Slimowicz") to testify that the tire debris came from the UPS truck.

The Court DENIES Defendants' motion as to their request to preclude Slimowicz from testifying that the tire debris did not come from the NEMF truck. Federal Rule of Evidence 701 provides that if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on

scientific, technical, or other specialized knowledge within the scope of Rule 702. Testimony that "results from a process of reasoning familiar in everyday life" is permissible under the rule. *U.S. v. Barrett*, 394 F. App'x 866, 870 (3d Cir. 2010) (internal citation and quotation omitted).

Slimowicz's observations are rationally based on his perception. Initially, Slimowicz found a commercial tire sidewall protruding from a crack in the bumper cover of the Dodge Neon. Upon discovering the letters S, T, O, N, and E on the tire sidewall, Slimowicz then proceeded to inspect Vehicle #3, the Mack tractor owned by NEMF and operated by Steve Green. Examination of Vehicle #3 revealed that the "left front steer tire" was a Bridgestone. However, the sidewall was completely intact with no part of the raised lettering damaged or missing. This indicates that the rear bumper rubber transfer found on the Plymouth was not made by Vehicle #3. Thus, specialized knowledge was not needed to determine that the tire sidewall came from another vehicle. Here, the observation that the tire debris did not come from the NEMF vehicle is obvious and "based on [Slimowicz's] personal observations about the facts of the case," *Rodriguez v. Town of W. New York*, 191 F. App'x 166, 169 (3d Cir. 2006), as opposed to scientific, technical, or other specialized knowledge within the scope of Rule 702.

To the extent that Defendants raise objections as to any other portions of Slimowicz's testimony, the Court will address those at trial.

## 2. Defendants' Motion to preclude evidence that Defendants' truck was equipped with Bridgestone tires – ECF No. 108

After receiving and reviewing the exact photographs that Plaintiff intends to introduce, the Court GRANTS Defendants' Motion *in limine* to preclude photographs 3 and 5 of the UPS Defendants' truck equipped with Bridgestone tires several years after accident. First, Defendants already acknowledged that UPS sometimes uses Bridgestone tires, but claimed that the subject UPS tractor was equipped with Michelin tires on the night of the accident. Second, Plaintiff can easily use evidence other than photographs 3 and 5, the Bridgestone tires on the actual truck three years following the accident, to assist the Jury to understand the details of a Bridgestone tire. Finally, the Court finds that the photographs could confuse and mislead the jury to infer that UPS used Bridgestone tires on the subject tractor on the night of Plaintiff's accident. Here, the Court finds that the risk of confusion, misperception, and prejudice substantially outweighs the minimal probative value from the photographs. Therefore, pursuant to Rule 403, the Court grants Defendants' motion to preclude photographs 3 and 5.

## 3. Defendants' Motion to preclude admission of graphic post-accident photographs – ECF No. 117

*As to the liability phase* - This Motion is MOOT as Defendants have essentially withdrawn their motion to preclude the liability-related photos.

***As to the damages phase*** - The Court reserves on Defendants' motion to preclude the photos regarding damages. If necessary, the Court will rule on this motion prior to the damages phase of the trial.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE